UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00803-TBR

MARSHA L. DAVIS                                                                                                   Plaintiff,

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                             Defendant.

## MEMORANDUM OPINION

This matter comes before the Court upon the motion to dismiss filed by Defendant Carolyn W. Colvin, Acting Commissioner of Social Security. (Docket No. 11.) Plaintiff Marsha L. Davis has responded, (Docket No. 13), and the Commissioner has replied, (Docket No. 14). The Court has considered the Findings of Fact, Conclusions of Law, and Recommendation of United States Magistrate Judge Dave Whalin, (Docket No. 15), to which Davis objected, (Docket No. 16). The Court has concluded a *de novo* review of the Magistrate Judge's report in light of the objections thereto and the record as a whole. Because the Court finds Davis's objections to be without merit, the Magistrate Judge's findings and conclusions will be accepted and adopted in their entirety, and the Commissioner's denial of benefits will be affirmed by separate order.

### Factual Background

This action arises from Davis's request for judicial review of the Commissioner of Social Security's final decision denying her applications for disability insurance benefits and supplemental security income. The Commissioner moved to dismiss Davis's complaint, arguing that it was not timely filed. Specifically, the Commissioner contends that Davis failed to file her complaint within the sixty-day limitation period established § 205(g) of the Social Security Act, which provides, in relevant part:

1

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g).

If the Social Security Administration's Appeals Council declines a claimant's request for review of the administrative law judge's decision, the claimant may seek judicial review. Claimants who seek such review must do so within sixty days of receiving the Appeals Council's notice of denial, with the date of receipt presumed to be five days after the date of notice unless there is a reasonable showing to the contrary. *See* 20 C.F.R. § 422.210(c):

> (c) Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the residing officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

Here, Davis does not dispute the sequence of events detailed in the Magistrate Judge's report. She filed an application for Supplemental Social Security Income on July 13, 2011, which was denied on initial administrative review on November 8, 2011. Upon reconsideration on February 23, 2012, Davis filed a request for a hearing before an administrative law judge. After Administrative Law Judge Don C. Paris entered an adverse hearing decision, Davis requested review by the Appeals Council. The Appeals Council denied her request by a decision dated September 17, 2014. Accordingly, the five-day mailing presumption discussed *supra* dictates that the sixty-day period for Davis to file her complaint began on Monday, September 22, 2014, leaving her until Friday, November 21, 2014, to file her complaint. She did so three days after the expiration of this period, on Monday, November 24, 2014.

Although Davis argued that her attorney did not receive the notice of Appeals Council action until September 23, 2014, the Magistrate Judge found this argument unavailing. The Court agrees. As the Magistrate Judge noted, the precedent of this Court and of its sister district courts reflects that the "individual" referenced in the above-cited legislative materials is the claimant, not her attorney or representative. *See, e.g.*, *Ashcraft v. Astrue*, No. 5:11-CV-00144-TBR, 2012 WL 1231789, at *2-3 (W.D. Ky. 2012) ("The prevailing precedent in this and other circuits agrees with the Commissioner's definition of 'individual.'") (citing *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007) ("This Court has agreed that the date for filing a Social Security complaint runs from the date that the *applicant* receives the SSA's denial notice, not from the date of mailing.") (emphasis added); *see also Salter v. Colvin*, No. 4:12-CV-00888, 2014 WL 1280269, at *5 (N.D. Ohio Mar. 27, 2014) (acknowledging *Ashcraft*'s observation of the "near unanimity among the various circuit and district courts that 'individual' does not mean a 'claimant's attorney . . . .'"). Because Davis pointed to no evidence as to when she received the notice of adverse action, the Magistrate Judge appropriately determined that she failed to rebut the five-day presumption and that she failed to timely file her claim, leaving this Court without subject matter jurisdiction over the action.

In her objection to the Magistrate Judge's recommendation, Davis does not directly challenge the Court's reasoning but instead raises a new argument. She concedes that pursuant to *Ashcraft*, the "individual" referenced in 20 C.F.R. § 422.210(c) refers to the claimant herself. However, she points to the remainder of the regulation, requiring the claimant to file suit within sixty days of the date that the notice of denial is "[r]eceived by the individual, institution, or agency." She submits that a claimant's attorney constitutes an "institution" or "agency." (Docket No. 16.)

The Court cannot accept this conclusion. Davis is, of course, correct that her attorney serves as her legal agent. *See* Restatement (Third) of Agency § 1.01 (2006) (defining agency as "the fiduciary relationship that arises when one person (a 'principal') manifests assent to the other person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent

3

manifests assent or otherwise consents so to act."). But this definition is one among several of the word, and it does not fit here. Were the regulation intended to encompass claimants' attorneys, its authors would have indicated such; had they selected the word "agent," perhaps a closer call would have been presented. But it is clear that the word "agency" in this context does not refer to an attorney. Such a result would be contrary to the principles, if not the letter, of the precedents cited above. Moreover, one can imagine a scenario in which an individual receives notice but delays forwarding it to her attorney *ad infinitum*—thus tolling the sixty-day period indefinitely and essentially eliminating the statutory deadline. This illogical outcome convinces the Court that such a reading would be incorrect.

## Conclusion

Therefore, in accordance with the above discussion, the Court finds Davis's objection to be without merit. The findings and conclusions of the Magistrate Judge will be accepted and adopted in their entirety, and the Commissioner's denial of benefits will be affirmed by separate order.